IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DANIEL ELIZONDO, #27380-078** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv81 |
| | § | CRIMINAL ACTION NO. 4:16cr175(2) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Daniel Elizondo filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On November 16, 2017, Movant pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. On April 6, 2018, the District Court's sentence of 188 months' imprisonment was entered in the docket. On June 4, 2019, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal pursuant to his motion to withdraw the appeal. On January 13, 2020, Movant filed the instant § 2255 motion, arguing he is entitled to relief because the Government breached the plea agreement. The Government filed a Response, asserting Movant is not entitled to any relief. Movant did not file a Reply.

1

## II.  STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992).  A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.  The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other."  *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*).  A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III.  BREACH OF PLEA AGREEMENT

Movant alleges that the Government breached the plea agreement by not moving for a downward departure.  The defendant bears the burden of showing by a preponderance of the evidence that the underlying facts establish a breach of the plea agreement. *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010).

A review of the case shows that, the Government did not file a motion for a downward departure in Movant's case.  The record also shows, however, that the Government had no obligation to file such a motion. *See e.g. United States v. Wade,* 2021 WL 3555831, *8-9 (S.D. Tex. Aug. 11, 2021). Indeed, in the plea agreement and addendum, there is no language guaranteeing a motion for downward departure:

> SUBSTANTIAL ASSISTANCE: If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement, the government may file a motion for downward departure pursuant to U.S.S.G. § 5K1.1

> or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government. It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive.

Crim. ECF Dkt. #159, p. 1. The plea agreement also clearly states, "This Plea Agreement consists of this document and the sealed addendum . . . . No other promises have been made or implied." Crim. ECF Dkt. #158, p. 6.

Additionally, after a thorough review of the transcripts, nothing from the plea hearing or sentencing hearing supports an allegation that the Government was obligated or otherwise made a promise to file a motion for downward departure. In fact, at his plea hearing, Movant was admonished concerning the rights he was waiving, those he retained, the particulars of his plea agreement including the range of sentence, and the fact that the agreements contained in the Plea Agreement and the Addendum represented the entirety of his agreement with the Government. Movant said that no one had promised him anything or made assurances to induce his guilty plea, other than what was contained in those two documents. *Id.* Dkt. #357, p. 22. The Government only agreed to make a motion if, "in its sole discretion," it found that Movant had "provided substantial assistance." *Id*. Dkt. #159, p. 1.

Movant complains that the Government did not allow him the opportunity to provide substantial assistance. Movant points to nothing in the record supporting this contention. Conclusory allegations that are unsupported by anything else contained in the record do not raise a constitutional issue in a habeas proceeding. *Ross*, 694 F.2d at 1011-12. Notably, where the Government has chosen not to file such a motion, the Court may only assess whether the Government relied upon an unconstitutional motive in refusing to file the motion or bargained away its discretion to do so. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Garcia-Bonilla*, 11 F.3d 45, 46-47 (5th Cir. 1993) (language in plea agreement that government retained "sole discretion" to file for downward departure precluded defendant's argument that

3

Case 4:20-cv-00081-MAC-CAN    Document 9    Filed 02/22/23    Page 4 of 6 PageID #: 69

the government bargained away its discretion). Movant has not shown that the Government bargained away its discretion, nor has he alleged that the Government relied upon an unconstitutional motive in refusing to file for a reduction in sentence. The Government obviously concluded that Movant did not provide substantial assistance.

Movant signed the plea agreement stating that he fully understood the terms and that no promises or assurances were made that were not included in the written plea agreement. The plain reading of the plea agreement reveals that there is no breach because the agreement contains no such unconditional promise by the Government to file a motion for the reduction of sentence.

In conclusion, Movant fails to show the Government agreed to file a motion for a downward departure or a sentence reduction in his case. He also fails to show that the Government deprived him of the opportunity to provide substantial assistance. Without evidence of an unconstitutional motive, the Government's decision not to file is unreviewable. *See Wade*, 504 U.S. at 185-6. Because Movant has not met his burden of showing by a preponderance of the evidence that the underlying facts establish a breach of the plea agreement, Movant's § 2255 motion should be denied. *Roberts*, 624 F.3d. at 246.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

4

constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## V. RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.

5

28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 22nd day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE